## JOHN M. WASHBURN *versus* THOMAS CORDIS.

In assumpsit against the acceptor of an order, reciting that the payee is liable to pay debts of the drawer, and directing the acceptor to pay the amount which may be due to the payee on the return of a certain vessel, it appeared that on the return of the vessel nothing was due to the payee ; and it was therefore *held*, that the action could not be maintained ; and further, that parol evidence to show that the draft was intended to constitute a fund for the payment of the creditors of the drawer, was inadmissible.

ASSUMPSIT upon an order, dated June 23, 1828, drawn by Andrew Gerrish junior upon the defendant, in favor of Lysander Washburn, the plaintiff's intestate, to the following effect : — Whereas Lysander Washburn is liable to pay, on my account, sundry acceptances, the amount of which cannot now be determined, and whereas he has been trusteed by Adams & Fessenden and may be liable to the amount of

1000 dollars, costs and expenses attending the action, there-fore *you are hereby ordered to pay him or order whatever amount may be due him, on the return of the brig Dwight, from the above or any other cause of demand, the full amount to him so due,* after paying yourself 8000 dollars, &c., pro-vided there should be so much in your hands due from the sale of brig Dwight, &c. This order was accepted by the defendant " when in funds."

At the trial, before *Putnam* J., the plaintiff introduced Gerrish as a witness, and proved that in May 1828 Gerrish was in failing circumstances ; that the intestate then accepted orders drawn on him by Gerrish in favor of creditors of Ger-rish for the amount of their several demands ; that Gerrish at the same time gave the intestate a promissory note, intended to have been drawn for the precise amount of the acceptances ; that the note was put in suit, and Gerrish's property was thereupon attached and afterwards sold upon execution, and was insufficient, by the sum of 1113 dollars, to pay the amount of the intestate's acceptances.

The plaintiff also proved, that after the death of the intes-tate, an arrangement was made between the plaintiff, as admin-istrator, and the creditors of Gerrish, by which the plaintiff agreed that the creditors might receive from the sheriff the amount which had been collected by him upon the execution, and also agreed to assign to them the order upon which this action is brought ; and that the creditors thereupon discharged the intestate's estate from all liabilities on account of his several acceptances.

The plaintiff then offered to prove, that the order on the defendant was given solely to constitute a fund, in addition to the property attached, to provide for the intestate's accep-tances. This evidence was objected to, and was excluded.

The defendant then proved by Gerrish, that at the time of the return of the brig Dwight, the intestate's estate was in-debted to Gerrish in a larger sum than 5000 dollars, even if the intestate had paid the whole amount of the acceptances.

He also proved, that the intestate had not been obliged to make any payment by virtue of the trustee process mentioned in the order drawn on the defendant, and that that process had

been discontinued.   The plaintiff objected to the reception of this testimony.

It appeared that the defendant had in his hands funds of Gerrish upon which the order was drawn, to the amount of $601, at the time when this action was brought.

A verdict was taken for the defendant; but if the testimony offered by the plaintiff and rejected, ought to have been received, or if upon the facts properly proved by the defendant the verdict should not have been in his favor, a new trial was to be granted.

*Coffin*, for the plaintiff, cited *Barker* v. *Prentiss*, 6 Mass. R. 430.

*Warren*, for the defendant.

*Per Curiam.*   The order drawn by Gerrish on the defendant having been accepted, became thereby a contract between the defendant and the plaintiff's intestate, the true meaning of which is too plain to admit of controversy.   The defendant stipulated, that upon the happening of a certain event, he would pay to the intestate the amount which should then be due to him from the drawer.   If the event never happened, or if, when it happened, nothing should be due to the intestate, the defendant was neither *bound* nor *authorized* to pay him any thing.   Before the plaintiff can recover he must show both of these facts ; which he has failed to do.

Upon the face of the contract no question can be made But the plaintiff, in whose name the suit is brought for the benefit of the creditors of Gerrish, offered upon the trial, to prove by parol evidence, that when the order was drawn it was done solely to constitute a fund, with other property, to provide for the intestate's acceptances in favor of the creditors.   This evidence was rejected ; and we think rightly

It was inadmissible, because its effect was to control and vary a written contract.   The object was to show, that though the promise was made to the intestate, yet it was in trust and for the benefit of other persons ; that though he was the *real*, yet others were the *equitable* parties to the contract.   And further, it was to convert a written promise to pay *what was due* to the intestate, into a promise to pay when *nothing was due to him.*

<div style="float:left">Washburn<br>*v.*<br>Cordis.</div>

It was also inadmissible because irrelevant. No agreement or understanding between the drawer and payee, or between them and other persons, could have any effect upon the undertaking or the liability of the acceptor. None was communicated to him. He knew nothing but what appeared upon the face of the order. *Non constat* that he would have accepted it if it had contained the provisions which the plaintiff now wishes to introduce. The defendant may well say, *non in hæc fœdera veni.*

*Judgment o. the verdict*